```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUKE ALDERFER                     :      CIVIL ACTION
                                  :
         v.                       :
                                  :
HIGH COUNTRY ARCHERY, INC.        :      NO. 08-1320
```

MEMORANDUM

Bartle, C.J.                                         February 20, 2009

       Pending before this court is the motion of defendant, High Country Archery, Inc. ("High Country), for leave to file a third-party complaint against Berhard Brandstaetter, Be Composites and Silver Star Co., Ltd.

       On February 19, 2008, Luke Alderfer filed this products liability action in the Court of Common Pleas of Philadelphia County seeking damages for injuries he sustained to his hand when an arrow he was using during an archery competition exploded. The action was timely removed to this court based on diversity of citizenship. The complaint alleges that defendant High Country designed, manufactured, assembled, produced, distributed, sold and supplied the arrow that injured the plaintiff.

       Contrary to the admissions in its answer and responses to discovery, High Country now asserts in its motion that it was only the distributor of the arrow in question and that the proposed third-party defendants were the ones which designed and manufactured it.

Pursuant to the Third Scheduling Order, discovery in this case ended on January 30, 2009, and the case is scheduled to be placed in the April, 2009 trial pool.[1]  The current motion was not filed until February 10, 2009, eleven days after discovery had closed.

Rule 14(a)(1) of the Federal Rules of Civil Procedure and Rule 14.1 of the Local Rules of Civil Procedure govern the filing of third-party complaints.  High Country is seeking leave of court to file a third-party complaint because more than ten days have elapsed since service of its answer on March 28, 2008.

Local Rule 14.1(a) states:

> Applications pursuant to Fed. R. Civ. P. 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer.  If it is made to appear, to the satisfaction of the Court, that the identity of the party sought to be joined, or the basis for joinder, could not, with reasonable diligence, have been ascertained within said time period, a brief further extension of time may be granted by the Court in the interests of justice.

E.D. Dist. Pa. Local R. Civ. P. 14.1(a).

High Country is also seeking leave to file its third-party complaint beyond the 90 day period described in Local Rule 14.1(a).  It must now demonstrate circumstances sufficient to

---

1.  This court has twice extended the discovery deadlines in this case.  See First Scheduling Order dated April 8, 2008; and Second Scheduling Order dated August 29, 2008.

-2-

justify the delay.  Reynolds v. Rick's Mushroom Serv., Inc., Civ.A. No. 01-3773, 2003 WL 22741335 (E.D. Pa. Nov. 17, 2003).

In passing upon a motion filed outside the above-enumerated deadlines, courts typically consider the possible prejudice to the plaintiffs, the potential for complication of the issues at trial, and the probability of trial delay.  Id. at *4.  Here, all three of these considerations weigh against the joinder of three additional parties at this late stage in these proceedings.

High Country seeks to file a third-party complaint against Berhard Brandstaetter, Be Composites and Silver Star Co., Ltd., all of whom allegedly designed and manufactured the arrow at issue.  High Country's authorized representative, Julia Leon, apparently "assumed incorrectly" that High Country designed and manufactured the arrows or, alternatively, received erroneous information from High Country employees in this regard.  Thus, Ms. Leon approved High Country's Answer to plaintiff's Complaint and Responses to Interrogatories, which stated that High Country was the designer and manufacturer of the product.  According to High Country, the third parties sought to be joined were not identified until the January 22, 2009 deposition of an individual named Spencer Land.  This was more than one year after the filing of the plaintiff's complaint.  High Country then waited more than two weeks before filing the pending motion.

This court has advised that "inadvertence or carelessness of the movant is not a sufficient reason" for the

untimely filing of a third-party complaint.  <u>Tate v. Rowen</u>, Civ.A. No. 88-2822, 1989 WL 851 (E.D. Pa. Jan. 5, 1989).  By exercising reasonable diligence, High Country should have been able to determine much earlier that it did not design or manufacture the product that caused the alleged harm.  Incorrect assumptions and the communication of incorrect information from within High Country simply do not justify the attendant delay and inconvenience that will result from joinder of the proposed third-party defendants.

　　　Our concerns regarding the attendant delay are especially acute given that discovery in this case ended on January 30, 2009 and the case is scheduled for the April, 2009 trial pool.  We have already extended the discovery deadline twice.  Permitting the filing of a third-party complaint at this late stage in the proceedings would prejudice the plaintiff, who claims a serious personal injury, by requiring him to engage in another round of discovery and, perhaps, a round of dispositive motions.  These pretrial tasks are expensive and time-consuming.  Furthermore, the plaintiff advises in his opposition to this motion that Mr. Land testified at his deposition to visiting the now-defunct, Be Composites, in Malaysia.  Silver Star Co., Ltd., it is alleged, is located in South Korea.  Tracking down these foreign companies and serving them with the third-party complaint will undoubtedly prolong the delay.

　　　Additionally, the potential for complication of the issues at trial certainly increases with the addition of three

-4-

new parties, each of whom purportedly designed and manufactured the arrow that caused the plaintiff's injuries.  Identification of which of the three companies actually did so is a potential source of contention, protracted discovery, and other pretrial proceedings.

Finally, High Country concedes that joinder of these parties will delay trial.  As noted above, this matter is scheduled to go to trial in approximately two months.  The defendant's failure to investigate properly whether it manufactured the arrow simply does not justify the attendant costs and delay of late joinder.

The motion of High Country for leave to file a third-party complaint against Berhard Brandstaetter, Be Composites and Silver Star Co., Ltd. will be denied as untimely.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUKE ALDERFER                  :        CIVIL ACTION
                               :
          v.                   :
                               :
HIGH COUNTRY ARCHERY, INC.     :        NO. 08-1320
```

ORDER

AND NOW, this 20th day of February, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant, High Country Archery, Inc., for leave to file a third party complaint pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure and Rule 14.1 of the Local Rules of Civil Procedure of this court is DENIED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                  C.J.